1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

LUCILA CRUZ,

Case No. 20-CV-03891-LHK

13

Plaintiff,

**ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART**

14

v.

15

W. JENKINS,

16

Defendant.

17
18

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Dublin,

19

California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

20

("Petition").  Dkt. No. 5.[1]

21

For the reasons stated below, the Petition is dismissed with prejudice in part and without

22

prejudice in part as follows:

23

- Claim 1, in part, seeks relief under the First Step Act and CARES Act.  These forms of

24

  relief cannot be sought in a habeas petition.  To this extent, Claim 1 is dismissed with

25

  prejudice.

26
27

_____

[1] Unless otherwise indicated, citations to the docket refer to filings in the instant action.

28

Case No. 20-CV-03891-LHK
ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

- Claim 1, in part, seeks compassionate release. This request must be directed to the sentencing court. To this extent, Claim 1 is dismissed without prejudice to refiling in Case No. 17-cr-0094-D-BR(2) in the Northern District of Texas ("Texas District Court") as a motion for compassionate release under 18 U.S.C. § 3582 ("Section 3582 motion").

- Claims 2 through 4 attack the validity of petitioner's sentence and must be brought in the sentencing court as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence ("Section 2255 motion"). These claims are dismissed without prejudice to refiling as a Section 2255 motion in Case No. 17-cr-0094-D-BR(2) in the Texas District Court.

## I. BACKGROUND

### A. Proceedings in Other Courts

In the United States District Court for the Northern District of Texas ("Texas District Court"), petitioner pleaded guilty to interstate travel in aid of racketeering. *See* Dkt. No. 56, *United States v. Cruz*, Case No. 17-cr-0094-D-BR(2) (N.D. Tex. March 27, 2018) (minute entry noting that court accepted guilty plea)[2]; *see also* Dkt. No. 27, *United States v. Cruz*, Case No. 17-cr-0094-D-BR(2) (N.D. Tex. Oct. 11, 2017) (indictment). On July 10, 2018, petitioner was sentenced to 60 months imprisonment. *See* Dkt. No 68, *United States v. Cruz*, Case No. 17-cr-0094-D-BR(2) (N.D. Tex. July 10, 2018) (minute entry).

### B. Proceedings in This District

On June 12, 2020, petitioner filed a document entitled "Dublin FCI prisoners' Covid-19 emergency petition for an immediate writ of habeas corpus." *See* Dkt. No. 1. Petitioner did not identify the grounds on which she sought relief; rather, the filed document revealed only that petitioner was a federal prisoner, and sought release. *See id.* Based on this limited information,

---

[2] Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). *See also Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1073 n.2 (N.D. Cal. 2014) (same).

Case No. 20-CV-03891-LHK
ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

the Clerk of the Court notified petitioner that she needed to use a Petition for a Writ of Habeas Corpus form ("Form").  *See* Dkt. No. 3 at 1.  The Clerk of the Court sent petitioner copies of the Form, as well as instructions that the Administrative Office of the United States Courts has issued for use of the Form.[3]  *See id*. at 2.  The instructions stated that the Form should be used by federal prisoners who "wish to challenge the way [the] sentence is being carried out," but should not be used by federal prisoners who "are challenging the validity of a federal judgment of conviction and sentence."  *Id*.  Petitioner subsequently filed the Petition using the Form.  *See* Dkt. No. 5.

This action was reassigned from United States Magistrate Judge Jacqueline Corley to the undersigned.  *See* Dkt. No. 9.

## II.  STANDARD OF REVIEW

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

## III.  DISCUSSION

The Petition is filed pursuant to 28 U.S.C. § 2241.  Pet. at 1.  Petitioner raises four claims in the Petition: (1) that she is in danger from Covid-19 while incarcerated, (2) "duration of

---

[3] The Administrative Office of the United States Courts publishes "[n]ational court forms [that] can be used in all federal courts."  *Forms*, Administrative Office of the United States Courts, https://www.uscourts.gov/services-forms (last visited Nov. 19, 2020).  As one example, the form to be used in Section 2255 motions, and instructions for use of that form, appears in the "Civil Forms" category.  *See Civil Forms*, Administrative Office of the United States Courts, https://www.uscourts.gov/forms/civil-forms (last visited Nov. 19, 2020).  As another example, the form to be used in Section 3582 motions appears in the "Criminal Forms" category.  *See Criminal Forms*, Administrative Office of the United States Courts, https://www.uscourts.gov/forms/criminal-forms (last visited Nov. 19, 2020).

Case No. 20-CV-03891-LHK
ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

confinement," (3) "conclusion of confinement," and (4) that she is being held in custody in violation of the laws and Constitution of the United States.  Pet. at 3.  To support her claims, petitioner explains that she has pre-existing conditions that render her vulnerable to Covid-19, *see id*. at 7-9, and that the warden of FCI Dublin has been non-responsive to requests to release prisoners under the compassionate release statute, the First Step Act, and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), *see id*. at 4.

Although petitioner was sentenced in Texas, because she is incarcerated within the Northern District of California, venue would be proper here in the first instance if any of petitioner's claims were properly brought under Section 2241.  *See Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989).  However, as explained below, petitioner's claims are not properly brought under Section 2241 and thus the Petition must be dismissed.  Instead, petitioner may seek relief pursuant to a Section 3582 motion for compassionate release and/or a Section 2255 motion to vacate, set aside, or correct sentence in the Texas District Court.  The Court will address Claim 1 then Claims 2 through 4.

**A.  Claim 1 is dismissed with prejudice in part and without prejudice in part.**

Petitioner appears to ask this Court to order her transferred to home confinement under the First Step Act, the CARES Act, or the compassionate release statute.  *See* Pet. at 3 (arguing that petitioner is in danger from Covid-19), 4 (arguing the warden has been non-responsive to requests made under these authorities).  As explained more fully below, Claim 1 fails because these forms of relief cannot be sought in a habeas petition.

First, the Court notes that a habeas petition is not the proper avenue to seek a transfer from confinement in a prison to home confinement under the First Step Act.  The First Step Act directs the Bureau of Prisons ("BOP"):

> to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community . . . .

18 U.S.C. § 3624(c)(1).  This authority "*may* be used to place a prisoner in home confinement,"

Case No. 20-CV-03891-LHK
ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

1   "to the extent practicable." *Id*. at § 3624(c)(2) (emphasis added).  This section gives the BOP

2   discretion over the location of confinement, and the Ninth Circuit has repeatedly held that this

3   discretion may not be challenged via a Section 2241 petition.  *See Reeb v. Thomas*, 636 F.3d 1224,

4   1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to

5   challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be

6   inconsistent with the language of 18 U.S.C. § 3625."); *see also Mohsen v. Graber*, 583 F. App'x

7   841, 842 (9th Cir. 2014) (holding a district court lacked jurisdiction to consider a First Step Act

8   claim in a Section 2241 petition) (applying *Reeb,* 636 F.3d at 1227–29); *Slice v. Tews*, No. C-10-

9   0838 LHK PR, 2011 WL 6091089, at *2 (N.D. Cal. Dec. 6, 2011) (same).[4]  Accordingly,

10  petitioner may not base a claim for release on the First Step Act.

11          For the same reason, petitioner cannot base a federal habeas petition on the CARES Act.

12  The CARES Act allows the Director of the BOP to "lengthen the maximum amount of time for

13  which the Director is authorized to place a prisoner in home confinement *under the first sentence*

14  *of section 3624(c)(2) of title 18*, United States Code, as the Director determines appropriate."

15  CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020) (emphasis added).  Thus, the BOP's

16  determination remains discretionary and outside the scope of a Section 2241 petition even if the

17  petition purports to rely on the CARES Act.  As the United States Court of Appeals for the

18  Seventh Circuit recently explained, "The [CARES] act expanded the [BOP]'s power to 'place a

19  prisoner in home confinement' . . .  but reserved the determination of 'suitable candidates' for

20  home confinement to the Bureau. . . The act carved out no role for the courts in making such

21  determinations."  *United States v. Williams*, Appeal No. 20-1947, 2020 WL 6604791, at *1 (7th

22  Cir. Nov. 12, 2020) (citation omitted); *accord United States v. Brummett*, Appeal No. 20-5626,

23  2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("[T]o the extent that Brummett sought relief

24  under the CARES Act, the district court correctly held that the authority to grant home

25

26  [4] *See also Johnson v. Thompson*, No. 2:19-CV-2431-EFB P, 2020 WL 2106345, at *1 (E.D. Cal.
    Mar. 19, 2020) ("assignment to home confinement [under the First Step Act] is discretionary and
27  thus affords petitioner no habeas relief"); *Ioane v. Merlak*, 1:19-cv-1251 JLT (HC), 2019 WL
    5699098, at *2 (E.D. Cal., Sept. 27, 2019) (same).

28
    Case No. 20-CV-03891-LHK
    ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

1    confinement remains solely with the Attorney General and the BOP.").  To the extent petitioner

2    seeks release under the First Step Act or CARES Act, Claim 1 is dismissed with prejudice.

3            Petitioner's request for compassionate release is a more procedurally appropriate

4    mechanism to request transfer to home confinement.  However, such a request is not proper before

5    this Court because any relief available under 18 U.S.C. § 3582 must be sought in petitioner's

6    criminal case.  It is the sentencing court that would make any modification to a term of

7    imprisonment under that section.  *See* 18 U.S.C. § 3582(c) (providing that a sentencing court "may

8    not modify a term of imprisonment once it has been imposed except . . . upon motion of the

9    Director of the Bureau of Prisons, or upon motion of the defendant").  As the Third Circuit

10   recently stated: "Section 3582's text requires those motions to be addressed to the sentencing

11   court."  *United States v. Raia*, 954 F.3d 594, 596 (3rd Cir. 2020).  Other circuit courts agree.  *See*

12   *Rodriguez-Aguirre v. Hudgins*, 739 F. App'x 489, 491 n.2 (10th Cir. 2018) (holding that a district

13   court "lacked authority to entertain" a compassionate release motion, where it was not the

14   sentencing court); *see also United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) ("The

15   authority granted by the First Step Act is limited: 'A court that imposed a sentence for a covered

16   offense may . . .  impose a reduced sentence . . . .'") (quoting The First Step Act, Pub. L. No. 115-

17   391, § 404(b), 132 Stat. 5194 (Dec. 21, 2018)); *United States v. Richardson*, 948 F.3d 733,749

18   (6th Cir. 2020) ("[A] sentencing court 'may not modify a term of imprisonment once it has been

19   imposed' except under certain circumstances."); *United States v. Smith*, 896 F.3d 466, 473 (D.C.

20   Cir. 2018) (noting that "a sentencing court" must decide "whether to grant a sentence reduction").

21           Accordingly, to the extent Claim 1 seeks relief under the First Step Act and CARES Act,

22   Claim 1 is dismissed with prejudice.  To the extent Claim 1 seeks compassionate release, Claim 1

23   is dismissed without prejudice to refiling as a Section 3582 motion for compassionate release in

24   Case No. 17-cr-0094-D-BR(2) in the Texas District Court.

25           **B.  Claims 2 through 4 are dismissed without prejudice.**

26           The Court next considers claims 2 through 4.  As explained more fully below, Claims 2

27   through 4 cannot be brought in this Court in a petition filed under Section 2241.

28
     Case No. 20-CV-03891-LHK
     ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

Petitioner represents that she is not challenging the validity of her sentence.  *See* Pet. at 5.  However, petitioner's conclusory challenges to "duration of confinement" and "conclusion of confinement," and argument that she is being held in custody in violation of the laws and Constitution of the United States, plainly challenge the validity of her sentence rather than the execution of her sentence.  *See id.* at 3.

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court that imposed the sentence ("Section 2255 motion").  *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Only the sentencing court has jurisdiction to hear the Section 2255 motion.  *See id.* at 1163.  A prisoner generally may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via Section 2255 motion); *Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via Section 2255 motion); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (where alleged errors at or prior to sentencing are challenged, remedy is Section 2255 motion).  Here, because claims 2 through 4 attack the validity of petitioner's sentence, they must be brought in a Section 2255 motion in the Texas District Court.

There is an exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence: a federal prisoner authorized to seek relief under Section 2255 may seek relief under Section 2241 if she can show that the remedy available under Section 2255 is "inadequate or ineffective to test the legality of [his/her] detention."  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).  Although there is little guidance from any court on when Section 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception.  *See id.*  For example, courts have repeatedly held that the mere fact that a previous Section 2255 motion was denied does not render the Section

Case No. 20-CV-03891-LHK
ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California

1   2255 remedy inadequate.  *See Aronson v. May*, __ U.S. __, 85 S. Ct. 3, 5 (1964).

2        Here, petitioner fails to show that a Section 2255 motion is inadequate or ineffective to test

3   the legality of her detention, and thus she does not show that this Court has authority to entertain

4   claims 2 through 4.  When asked to explain why a Section 2255 motion would be inadequate,

5   petitioner simply writes, "N/A."  Pet. at 6.  Petitioner thus fails to show why this Court, rather than

6   the sentencing court, should entertain her claims.

7        Accordingly, Claims 2 through 4 are dismissed without prejudice to refiling as a Section

8   2255 motion in Case No. 17-cr-0094-D-BR(2) in the Texas District Court

9   **IV.    CONCLUSION**

10       For the reasons stated above, the Court rules as follows:

11   • To the extent that Claim 1 seeks relief under the First Step Act and CARES Act, Claim

12        1 is dismissed with prejudice.

13   • To the extent that Claim 1 seeks compassionate release, Claim 1 is dismissed without

14        prejudice to refiling as a Section 3582 motion for compassionate release in Case No.

15        17-cr-0094-D-BR(2) in the Texas District Court.

16   • Claims 2 through 4 are dismissed without prejudice to refiling as a Section 2255

17        motion in Case No. 17-cr-0094-D-BR(2) in the Texas District Court.

18       The Court need not address whether petitioner is entitled to a certificate of appealability.

19   *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Although state prisoners proceeding

20   under § 2241 must obtain a COA, there is no parallel requirement for federal prisoners.") (internal

21   citations omitted).

22       The Clerk shall terminate all pending motions and close the file.

23   **IT IS SO ORDERED.**

24

25   DATED:  November 20, 2020        _____

26                                   LUCY H. KOH
                                     UNITED STATES DISTRICT JUDGE
27

28
                                        8
     Case No. 20-CV-03891-LHK
     ORDER OF DISMISSAL WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART

United States District Court
Northern District of California